IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-01701-L |
| | § | ECF |
| CITY OF IRVING, TEXAS, et al. | § | |
|     Defendants. | § | |

**DEFENDANTS CITY OF IRVING, IRVING POLICE DEPARTMENT, BRUCE JOLLEY, ERIC CURTIS AND STEPAHNIE BARNES' ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

The City of Irving, Texas, Irving Police Department, Assistant Chief Bruce Jolley, Detective Eric Curtis and Dispatcher Stephanie Barnes ("Defendants") file this Original Answer, Affirmative Defenses and Jury Demand in response to Plaintiff's Original Complaint filed on or about May 15, 2015. To the extent possible, Defendants have numbered and entitled their paragraphs to correspond to the numbers and titles of the paragraphs in Plaintiff's Original Complaint. Defendants respectfully show the Court the following:

1. Defendants admit the allegations in paragraph 1 of Plaintiff's Original Complaint with the caveat that Plaintiff has misidentified Deputy Chief Jolley as Captain Jolly.

2. Defendants admit the allegations in paragraph 2 of Plaintiff's Original Complaint to the extent they allege that Plaintiff is seeking compensation for alleged violations of law.

3. Defendants deny the allegations in paragraph 3 of Plaintiff's Original Complaint.

## PARTIES

4. Defendants admit the allegations in paragraph 4 of Plaintiff's Original Complaint.

5. Defendants deny the allegations in paragraph 5 of Plaintiff's Original Complaint.

6. Defendants deny the allegations in paragraph 6 of Plaintiff's Original Complaint.

7. Defendants admit the allegations in paragraph 7 of Plaintiff's Original Complaint.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Original Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Original Complaint, although Jolley's name and rank are incorrect.

10. Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 10 of Plaintiff's Original Complaint.

## JURISDICTION AND VENUE

11. Defendants do not dispute that this Court has jurisdiction to hear Plaintiff's claims or that venue is proper in this Court.

## FACTUAL ALLEGATIONS

12. Defendants admit that Plaintiff called the Irving Police Department complaining of his co-workers. Defendants deny the remaining allegations in paragraph 12 of Plaintiff's Original Complaint.

13. Defendants admit that Barnes took Plaintiff's call. Defendants deny the remaining allegations in paragraph 13 of Plaintiff's Original Complaint.

14. Defendants admit the allegations in paragraph 14 of Plaintiff's Original Complaint to the extent that Plaintiff alleges that Barnes took information from him related to his call.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's Original Complaint.

16. Defendants deny the allegations in sentence 1 of paragraph 16 of Plaintiff's Original Complaint. Defendants deny the allegations in sentence 2 of paragraph 16 of Plaintiff's Original Complaint. Defendants admit that Barnes did not ask Plaintiff the questions listed in sentence 3 of Plaintiff's Original Complaint but deny the remaining allegations in sentence 3 of paragraph 16 of Plaintiff's Original Complaint.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Original Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Original Complaint.

19. Defendants deny the allegations in sentence 1 of paragraph 19 of Plaintiff's Original Complaint. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 19 of Plaintiff's Original Complaint.

20. Defendants admit the allegations in sentence 1 of paragraph 20 of Plaintiff's Original Complaint. Defendants deny the allegations in sentence 2 of paragraph 20 of Plaintiff's Original Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Original Complaint.

22. Defendants admit the allegations in paragraph 22 of Plaintiff's Original Complaint.

23. Defendants admit the allegations in paragraph 23 of Plaintiff's Original Complaint.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Original Complaint.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Original Complaint.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's Original Complaint.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 29 of Plaintiff's Original Complaint.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's Original Complaint.

31. Defendants admit the allegations in paragraph 31 of Plaintiff's Original Complaint to the extent that Plaintiff alleges that Curtis closed the investigation without formally interviewing Plaintiff or the accused employees at Caliber Home Loans.

32. Defendants admit the allegations in paragraph 32 of Plaintiff's Original Complaint except those allegations referring to the "common practice" of the Irving Police Department.

33. Defendants admit that Plaintiff wrote Jolley an email asking for another detective to be assigned to the investigation but deny the remaining allegations in paragraph 33 of Plaintiff's Original Complaint.

34. Defendants admit that there was an IAD investigation regarding Barnes's handling of Plaintiff's call but deny the remaining allegations in paragraph 34 of Plaintiff's Original Complaint.

35. Defendants admit the allegations in paragraph 35 of Plaintiff's Original Complaint.

36. Defendants admit the allegations in sentence 1 paragraph 36 of Plaintiff's Original Complaint. Defendants deny the remaining allegations in sentence 2 of paragraph 36 of Plaintiff's Original Complaint.

37. Defendants admit the allegations in paragraph 37 of Plaintiff's Original Complaint.

### COUNT ONE
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §1983
### Violation of Fourteenth Amendment Equal Protection Rights
### (Against All Defendants)

38. Defendants also incorporate their responses to Plaintiff's early paragraphs.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Original Complaint.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Original Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Original Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Original Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Original Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Original Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Original Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Original Complaint.

## COUNT TWO
## Constitutional and Civil Rights Pursuant to 42 U.S.C. §1985(2)
## Obstructing justice; intimidating party, witness or juror
## (Against All Defendants)

47. Defendants also incorporate their responses to Plaintiff's early paragraphs.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Original Complaint.

## COUNT THREE
## Intentional Infliction of Emotional Distress
## (Against Barnes, Lackey, Jolley, Curtis)

49. Defendants also incorporate their responses to Plaintiff's early paragraphs.

50. Defendants admit the standard set forth in paragraph 50 of Plaintiff's Original Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Original Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's Original Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiff's Original Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Original Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's Original Complaint.

56. Defendants deny the allegations in paragraph 56 of Plaintiff's Original Complaint.

## COUNT FOUR
## Invasion of Privacy
## (Against Barnes and Lackey)

57. Defendants also incorporate their responses to Plaintiff's early paragraphs.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's Original Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Original Complaint.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Original Complaint.

61. Defendants deny the allegations in paragraph 61 of Plaintiff's Original Complaint.

62. Defendants deny the allegations in paragraph 62 of Plaintiff's Original Complaint.

## COUNT FIVE
### Defamation of Character (Slander)
### (Against Barnes, Lackey and Curtis)

63. Defendants also incorporate their responses to Plaintiff's early paragraphs.

64. Defendants deny the allegations in paragraph 64 of Plaintiff's Original Complaint.

65. Defendants deny the allegations in paragraph 65 of Plaintiff's Original Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiff's Original Complaint.

## COUNT SIX
### Defamation of Character (Libel)
### (Against Barnes and Curtis)

67. Defendants also incorporate their responses to Plaintiff's early paragraphs.

68. Defendants admit the allegations in sentence 1 of paragraph 68 of Plaintiff's Original Complaint. Defendants admit the allegations in sentence 2 of paragraph 68 of Plaintiff's Original Complaint. Defendants deny the allegations in sentence 3 of paragraph 68 of Plaintiff's Original Complaint. Defendants admit the allegations in sentence 4 of paragraph 68 of Plaintiff's Original Complaint. Defendants are without knowledge or information sufficient to admit or deny the allegation in sentence 5 of paragraph 68 of Plaintiff's Original Complaint. Defendants admit the allegations in sentence 5 of paragraph 68 of Plaintiff's Original Complaint.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's Original Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's Original Complaint.

71. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 71 of Plaintiff's Original Complaint.

## COUNT SEVEN
### Abuse of Process
### (Against Barnes, Jolley and Curtis)

72. Defendants also incorporate their responses to Plaintiff's early paragraphs.

73. Defendants deny the allegations in paragraph 73 of Plaintiff's Original Complaint.

74. Defendants deny the allegations in paragraph 74 of Plaintiff's Original Complaint.

75. Defendants deny the allegations in paragraph 75 of Plaintiff's Original Complaint.

76. Defendants deny the allegations in paragraph 76 of Plaintiff's Original Complaint.

77. Defendants deny the allegations in paragraph 77 of Plaintiff's Original Complaint.

## JURY DEMAND

78. Defendants also request a trial by jury on all matters triable before a jury in this case.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively plead that Barnes, Curtis and Jolley are entitled to qualified/official immunity from Plaintiff's claims.

2. Defendants affirmatively plead that the Irving Police Department does not have any jural existence and is not a proper party in this suit.

3. To the extent applicable, Defendants affirmatively plead that Plaintiff has failed to mitigate his damages, if any.

4. Defendants affirmatively plead that the City has sovereign immunity from Plaintiff's tort claims.

5. Defendants affirmatively plead that Barnes, Curtis and Jolley are not proper parties to Plaintiff's tort claims pursuant to §101.106 of the Texas Tort Claims Act.

## CONCLUSION

Defendants respectfully pray that: (1) Plaintiff take nothing by this suit; (2) all relief requested by Plaintiff be denied; (3) that they recover all costs of suit and attorney's fees; and (4) for such other and further relief, general or special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**CITY ATTORNEY'S OFFICE
CITY OF IRVING, TEXAS**

By: _/s/ Jason McClain_
**JASON McCLAIN**
Senior Assistant City Attorney
SBOT No. 00797032
jmcclain@cityofirving.org
**SAUL PEDREGON**
Senior Assistant City Attorney
SBOT No. 00797231
spedrego@cityofirving.org
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On July 7, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

Michael Williams, Pro Se
7604 Acorn Lane
Frisco, Texas 75034
(818) 926-0929
creativityandmagic@hotmail.com

/_s/Jason McClain_
**JASON MCCLAIN**
Senior Assistant City Attorney