IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. 3:15-CV-1701-L-BH | |
| v. § | ECF | |
| § | | |
| CITY OF IRVING, TEXAS, et al. § | | |
| Defendants. § | Referred to U.S. Magistrate Judge | |

## DEFENDANTS' 12(b)(6) MOTION TO DISMISS

Defendants City of Irving, Irving Police Department ("IPD"), Stephanie Barnes, Eric Curtis and Bruce Jolley ("Defendants") file this motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In it, Defendants seek an order (1) requiring Williams to re-plead his §1983 and §1985(2) claims and (2) dismissing with prejudice Williams' remaining claims against IPD and the individual Defendants. In support, Defendants present the following:

**I.  Procedural History**

Williams complains of his interactions with various IPD employees from late 2013 through mid-2014. Williams initially complained of these interactions in a suit filed against City employees Barnes and Curtis in small claims court. After voluntarily dismissing his claims, Williams sued the City, IPD, Barnes and Curtis in State District Court based on the same factual allegations present in his small claims court case and in this case. Williams' state district court claims were dismissed via a Plea to the Jurisdiction in November 2015. Although this case was filed in May 2015, it was not served on Defendants until June 2016.

In the present case, Williams filed numerous federal and state claims against the City, IPD, Barnes, Curtis, Bruce Jolley[1] and Craig Lackey.[2] On February 7, 2017, the Court accepted the

---

[1] Williams incorrectly spells it "Jolly" in his Complaint.
[2] Lackey, who is not associated with the City, was dismissed from this suit in September 2016. (*See* Docket No. 35.)

Magistrate Judge's Recommendation to dismiss the federal claims against the individual Defendants based on their entitlement to qualified immunity. (*See* Docket No. 40). Thus, the only live claims left in this case are the §1983 and §1985(2) claims against the City, claims against IPD and state law tort claims against the three individual City employee defendants. Defendants contend via this motion that Williams has failed to state viable §1983 or §1985(2) claims against the City and that his claims against IPD and the individual defendants are barred as a matter of law.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." A Court reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must construe the complaint in Plaintiff's favor and take all well-pleaded facts as true. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, Plaintiff's legal conclusions are not entitled to the same deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). Factual allegations must sufficiently state a claim that is plausible on its face. *St. Germain v. Howard*, 556 F.3d 261, 263 n. 2 (5th Cir. 2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Dismissal is appropriate when Plaintiff fails to meet this facial plausibility threshold and, therefore, fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. When Plaintiff's complaint

fails to state a claim, a court should generally give Plaintiff at least one chance to amend the complaint before dismissing the action with prejudice unless it is clear that the defects are incurable. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### III. §1983 Claim Against the City

Williams' equal protection claim under §1983 against the City is predicated on the alleged actions of City employees. Original Complaint, ¶¶ 38-46. "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell v. Department of Social Srvcs*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable under §1983 only if a City custom or policy deprives Plaintiff of a constitutional right. *Id*. Therefore, to state a claim for municipal liability under §1983, Williams must identify (a) a policymaker, (b) an official policy (or custom or widespread practice), and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Williams fails to meet these pleading requirements. Instead, he makes conclusory allegations that "Defendants act[ed according] to a well practiced police custom" of denying equal protection. Original Complaint, ¶44. A custom, as alleged by Williams, may be actionable under §1983 if it is "a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common . . . that [it] fairly represents municipal policy." *Okon v. Harris County Hospital Dist.*, 426 Fed. Appx. 312, 316 (5th Cir. 2011). However, Williams must plead specific facts to show such a custom and cannot conclusorily allege a custom and a relationship to a constitutional violation. *Spiller v. City of Texas City, Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997), *citing Fraire v. Arlington. 957 F.2d 1268, 1277 (5th Cir 1992)*(allegations of an isolated incident are not sufficient to show the existence of a custom or policy). Moreover, even if there is such a custom, Williams has not established that the City's

governing body or an official to whom that body has delegated policy-making authority had actual or constructive knowledge of it, which is required in order for a custom to be actionable under §1983. *Okon,* 426 Fed. Appx. at 316. Thus, Williams should be required to replead his §1983 claim against the City.

## IV.     §1985(2) Claim against the City

Section 1985(2) has two subparts. Paragraph 47 of Williams' Original Complaint quotes the second subpart, which applies to conspiracies to obstruct justice in state courts and requires that the conspirators intend to deprive their victims of the equal protection of the laws through discriminatory behavior. *Bryant v. Military Dept. of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010). To state a claim under the second part of §1985(2), Williams must allege (1) that Defendants and someone outside of the City conspired[3]; (2a) for the purpose of impeding, hindering, obstructing or defeating the due course of justice in a state or territory with the intent to deny a citizen the equal protection of the law or (2b) to injure him or his property for lawfully enforcing or attempting to enforce a right of any person or class of persons to the equal protection of the laws; (3) acts in furtherance of the conspiracy; and (4) injuries to his person or property or a deprivation of any right or privilege of a citizen of the United States. *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1065 (5th Cir. 1980) *on rehearing*, 648 F.2d 340 (5th Cir. 1981), *cert. denied*, 454 U.S. 1110 (1981). Additionally, there must be some allegation of racial or other class-based discriminatory animus behind the conspirators' actions. *Id*. at 1066, 1068.

Williams conclusorily claims that the City violated §1985(2) through a "conspiracy to interfere with [his] civil rights." Original Complaint, ¶ 48. He does not plead facts with the requisite specificity to satisfy either the elements of his claim enumerated above or that the alleged

---

[3] A municipal corporation is a single legal entity and, its employees cannot conspire among themselves. *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998).

conspiracy was motivated by a race or class-based animus. *Id*. Therefore, Williams should be required to replead his §1985(2) claim against the City.

## V. <u>Claims against IPD</u>

Williams identifies IPD as a party defendant to this action. Original Complaint, ¶ 6. Federal Rule of Civil Procedure 17(b) provides that the capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Irving is a home rule municipality whose Charter reserves to the City itself the power to sue and to be sued. (Home Rule Charter, City of Irving, Art. III, §1(a)),[4] *see Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991)(to sue a city department, it must "enjoy a separate legal existence."). IPD does not have the requisite jural existence and should be dismissed from this suit.

## VI. <u>State Law Claims against the Individual Defendants</u>

Williams alleges the state law tort claims of intentional infliction of emotional distress, invasion of privacy, slander, libel and abuse of process against some or all of the individual defendants. Original Complaint, Counts 3-7. These claims are brought against the individual defendants in their official and individual capacities. Original Complaint, page 1. A suit against a municipal employee in his or her official capacity is a suit against the municipality, and the municipality is liable for the resulting judgment. *Bennet v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Additionally, Williams' claims are brought under the Texas Tort Claims Act ("TTCA"). *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008)(". . . all tort theories alleged against a government unit, whether it is sued alone or together with its employees, are assumed to be under the [TTCA]"). Thus, in counts 3-7 of his Original Complaint, Williams sues the City and its employees under the TTCA for the alleged tort violations.

---

[4] Defendants ask that the Court take judicial notice of the Charter at http://cityofirving.org/DocumentCenter/View/222

### A. The TTCA mandates dismissal of the individual employee defendants

The TTCA provides that "[i]f a suit is filed . . . against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code §101.106(e), *see Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463 (Tex. 2010)(any state law tort claim brought against a governmental unit and its employees, including intentional torts, will allow the employee defendants to be dismissed if the governmental unit moves to do so). In compliance with §101.106(e), the City moves to dismiss Williams' tort claims against its employees Barnes, Curtis and Jolley.

### B. The TTCA does not allow intentional tort claims against the City

Texas municipalities have governmental immunity from claims for damages except where the Legislature has waived that immunity in the TTCA. *Humphreys v. City of Ganado, Texas*, 467 Fed. Appx 252, 256 (5th Cir. 2012). The Legislature's limited waiver of tort liability for cities in the TTCA does not waive immunity for intentional torts. Tex. Civ. Prac. & Rem. Code §101.057 (explicitly excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort."). Williams' state law claims are all intentional torts. *Tex. State Technical Coll. v. Wehba*, 2006 WL 572022 at *2 (Tex. App. – Eastland Mar. 9, 2006, no pet.)(mem. op.)(invasion of privacy, intentional infliction of emotional distress, and defamation); *Sampson v. Tex. Dep't of Pub. Safety*, 2013 WL 3488255 at *1 (Tex. App. – Beaumont July 11, 2013, no pet)(mem.op.)(abuse of process). Therefore, the City is immune from Williams' state law tort claims, and they should be dismissed.

### VII. Prayer

Defendants respectfully request that the Court:

(1) Order Williams to properly re-plead his §1983 and §1985(2) claims against the City;

(2) dismiss with prejudice all of Williams' claims against IPD for lack of jural existence;

(3) dismiss with prejudice Williams' state law tort claims against the individual defendants pursuant to Tex. Civ. Prac. & Rem. Code §101.106(e); and

(4) dismiss with prejudice Williams' state law tort claims against the City of Irving pursuant to Tex. Civ. Prac. & Rem. Code §1010.057.

Respectfully submitted,

**CITY ATTORNEY'S OFFICE
CITY OF IRVING, TEXAS**

By:  */s/ Jason McClain*
 **JASON McCLAIN**
 Senior Assistant City Attorney
 SBOT No. 00797032
 jmcclain@cityofirving.org
 825 West Irving Boulevard
 Irving, Texas 75060
 Telephone: 972.721.2541
 Facsimile: 972.721.2750

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On February 10, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the parties of record or their attorneys who have consented in writing to accept this Notice as service of this document by electronic means:

 */s/ Jason McClain*
 **JASON McCLAIN**
 Senior Assistant City Attorney