# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WILLIAMS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:15-cv-01701-L-BH** |
| | § | **ECF** |
| **CITY OF IRVING, TEXAS, et al.** | § | |
| **Defendants.** | § | |

## CITY OF IRVING'S AMENDED MOTION FOR SANCTIONS

The City of Irving ("City") files this motion due to Michael Williams' repeated refusals to appear for his jointly scheduled and properly noticed deposition. In this motion, the City seeks to (1) recover the costs it incurred by Williams' failure to appear at his depositions; (2) compel Williams' attendance at a to-be-scheduled deposition; and (3) postpone certain currently pending pretrial deadlines. In compliance with the Court's instructions, the City has amended its motion to address the timeliness of its request to compel Williams' attendance at his deposition given that the City's request was filed after the deadline to complete discovery.

**Background facts:**

Beginning on September 20, 2017, the City contacted Williams via email to schedule his deposition. *See* Exhibit 1, Affidavit of Rebecca Maddux. After no response from Williams, the City followed up with an email on September 26, 2017 proposing dates on either October 16th or 17th. *Id.* On September 28th, Williams responded that he was available the week of October 16th and he would confirm an exact date for his deposition on October 12th. *Id.* The City informed Williams that it wanted to submit a Deposition Notice before October 12th and asked that he confirm a specific deposition date or the City would pick one for him during the week of October 16th. *Id.* The City again followed up with a request for a specific deposition date on September

29th.  *Id.*  When Williams did not respond, the City filed its Deposition Notice on October 2, 2017 and set his deposition for 10 a.m. on October 20, 2017. *See* Exhibit 2, Notice of Deposition.

In response to the Deposition Notice, Williams contacted the City and requested that his deposition be scheduled on October 23, 2017.  *See* Exhibit 1.  The City accommodated Williams' request and sent him an Amended Deposition Notice with the agreed upon deposition date.  *See* Exhibit 3, Amended Notice of Deposition.  At approximately 7:00 p.m. the Friday before his Monday deposition, Williams emailed the City and stated that he intended to file a motion to stay all proceedings in this matter.  *See* Exhibit 1.  At approximately 7:00 a.m. on the day of his deposition, the City emailed Williams that it was opposed to his motion and that it would file a sanctions motion if he did not appear for his deposition as scheduled at 10:00 a.m. that morning. *See* Exhibit 4. Affidavit of Jason McClain.  Williams did not respond to this email and did not appear for his deposition.  *See* Exhibit 5, Certificate of Nonappearance.

Williams field his Motion to Stay on October 23, 2017 and the City filed a response in opposition (doc. 60 and 62).  On October 30, 2017, the City emailed Williams to conference him on its planned sanctions motion but offered to forego the Motion for Sanctions if Williams agreed to have his deposition taken that same week.  *See* Exhibit 4.  Williams called the undersigned back and agreed to have his deposition taken Wednesday, November 1 at 9:00 a.m.  *Id.*  The City then sent Williams a Second Amended Deposition Notice with the new, agreed upon deposition date.   See Exhibit 6, Second Amended Notice of Deposition.

Williams did not appear for this deposition either.  *See* Exhibit 7, Certificate of Nonappearance.  Instead, at the exact moment the deposition was to start, Williams emailed that he would not attend the deposition because he had an unspecified family emergency and that his deposition should not occur until the Court rules on his Motion to Stay.  *See* Exhibit 4.  Williams did not respond to the City's inquiry about the nature of his family emergency.  *Id.*

**Argument and authorities:**

Federal Rule of Civil Procedure 37(d) provides in relevant part that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." *Id.* 37(d)(2). Under Rule 37(d), "[s]anctions may include any of the orders listed in [FRCP] 37(b)(2)(A)(i)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(d)(3).

Williams does not have a protective order pending under Rule 26(c), which protects "a party or person from annoyance, embarrassment, oppression or undue burden or expense." FED. R. CIV. P. 26(c)(1). Williams' Motion to Stay, even viewed in a light most favorable to him, does not attack the propriety of the City taking his deposition or otherwise seek limitations on the City's taking of his deposition (doc. 60). Instead, it asks that the Court extend discovery and other pre-trial deadlines without any contention that Williams' deposition itself is objectionable. Even if the Court granted Williams' requests and extended the deadlines, it should not have impacted the City's taking Williams' deposition. Likewise, Williams has not offered any substantial or even supported justification as to why he refused to appear at either of his properly noticed and mutually agreed upon depositions.

**City's requests:**

The City seeks (1) to recover its costs associated with the two unsuccessful attempts to take Williams' depositions, (2) an Order compelling Williams to submit to deposition, and (3)

amendments to currently pending pretrial deadlines. Regarding costs, the City was billed a total of $561.15 by the court reporting service for Williams' two scheduled depositions. *See* Exhibit 4.

Regarding the latter two requests, the City asks that the Court order Williams to give his deposition as soon as possible. This delay in taking Williams' deposition leaves the City no choice but to request that the currently pending deadlines for mediation (November 13, 2017), a Joint Status Report (November 20, 2017), and dispositive motions (November 27, 2017) be postponed for as minimal amount of time as possible. The City opposed extending these deadline in its Response to Williams' Motion to Stay (doc. 62). However, at that time the City was working on the assumption that Williams would submit to his deposition on November 1, 2017. Had Williams done what he agreed and was required to do, the City would have met all of the pending deadlines. Now that Williams has again refused to give his deposition, the City is unable to do so.

**Timeliness of City's Compel Request**

As part of its remedies for Williams' nonappearances, the City seeks to compel Williams' deposition. The deadline to complete discovery in this case was October 30, 2017. The City's original Motion for Sanctions, which included the compel request, was filed November 8, 2017. While it is true that courts generally look to the deadline to complete discovery in determining whether a motion to compel is timely, *see Days Inn Worldwide Inc., v. Sonia Investments*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006), the particulars of this case are such that the City's request should be granted. Generally, courts consider several factors in determining whether a motion to compel filed after the discovery deadline should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the

case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule. *Id*. c*iting Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D.Nev.1999).

In this instance, almost every factor weighs in favor of the Court considering the City's motion and compelling Williams to be deposed. Specifically, the City filed its original Motion for Sanctions eight days after the discovery deadline, and the majority of those eight days were spent either trying to secure Williams' deposition or to conference him on the sanctions motion. Second, the City filed its request within a week of learning that, despite his agreements and representations, Williams would not cooperate with the taking of his deposition. Third, the discovery deadline established by the Court in February 2017 has not been extended. Fourth, the explanation for the tardiness or delay is that Williams refuses to cooperate in the discovery process. He failed to appear at his deposition on October 23, 2017. The City was prepared to file its Motion for Sanctions on October 30, 2017 (within the discovery deadline) but agreed to forego the Court's involvement after Williams agreed to undergo deposition on November 1, 2017. The City filed its Motion for Sanctions after the discovery deadline only because Williams represented to the City that the parties could conduct discovery in a professional manner without unnecessarily involving the Court. Had Williams cooperated with this basic form of discovery, we would not be here. Had he been honest about his unwillingness to cooperate, the City would have filed its Motion for Sanctions and accompanying compel request within the discovery period. Fifth, dispositive motions have been scheduled but not filed. Sixth, this case is old but a large portion of that age is attributable to Williams filing it in May 2015 (doc. 3), and letting it lie dormant until the Court had to initiate service of process in June 2016 (doc. 7). Additionally, the federal claims against the individual defendants were dismissed via qualified immunity (doc.40), and the remaining claims against the individuals were dropped by Williams in his Amended Complaint in compliance with the Court's Findings, Conclusions and Recommendations (doc. 54). In short, although this case is old, the City

has been diligent in prosecuting the defense of these claims.  Seventh, Williams will not suffer any prejudice if he is required to undergo deposition.  In fact, if he is not so required than his deceit will be rewarded.  Finally, granting the City's request to compel Williams' deposition will disrupt the Court's schedule.  However, granting the City the opportunity to take Williams' deposition will better allow it to file a dispositive motion that will likely result in the dismissal of this case.  If requiring Williams' deposition results in a more expeditious resolution of this litigation, then that will ultimately be less disruptive to the Court's schedule.

**Conclusion:**

The City generally requests that the Court impose a monetary sanction on Williams, grant the City assistance in securing his deposition and reset certain currently pending pretrial deadlines. Although the City's request to compel Williams' deposition was filed after the discovery deadline, the factual circumstances discussed above and largely created by Williams directly led to the City's untimeliness.

Therefore, given Williams' repeated refusal to cooperate with the discovery process, the City respectfully requests that the Court (1) sanction Williams in the amount of $561.15 for the costs the City incurred in attempting to take Williams' deposition; (2) order Williams to submit to a deposition as soon as possible; and (3) reset the currently pending mediation, joint status report and dispositive motions deadlines.

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

By:    */s/ Jason McClain*
        **JASON McCLAIN**
        Senior Assistant City Attorney
        SBOT No. 00797032
        jmcclain@cityofirving.org
        825 West Irving Boulevard
        Irving, Texas 75060
        Telephone: 972.721.2541
        Facsimile:  972.721.2750

**ATTORNEY FOR CITY OF IRVING**

## CERTIFICATE OF CONFERENCE

I tried repeatedly to conference Williams on this motion the first time it was filed.  Since then, I called and emailed Williams eight times and asked him to call me back regarding this motion and the currently scheduled hearing date.  Finally, at 6:50 a.m. on November 15th, Williams emailed back "[w]hat would you like to say regarding the motion for sanctions?  Just write it here."

At 7:18 a.m. that same morning, I responded by asking him whether he was opposed to each the three areas of relief the City seeks in this motion.  As of the time of this filing, Williams has not responded.  Therefore, the City is unable to ascertain whether Williams is opposed to this motion.

        */s/ Jason McClain*
        **JASON McCLAIN**
        Senior Assistant City Attorney

<u>**CERTIFICATE OF SERVICE**</u>

On November 15, 2017, I electronically filed this document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the individual who has consented in writing to accept this Notice as service of this document by electronic means:

Michael Williams, Pro Se
7604 Acorn Lane
Frisco, Texas 75034
(818) 926-0929
creativityandmagic@hotmail.com

*/s/ Jason McClain*
**JASON MCCLAIN**
Senior Assistant City Attorney