IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. 3:15-CV-1701-L-BH | |
| v. § | ECF | |
| § | | |
| CITY OF IRVING, TEXAS, et al. § | | |
| Defendants. § | Referred to U.S. Magistrate Judge | |

CITY OF IRVING'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

In compliance with the Court's January 12, 2018 Order, the City of Irving files this response to Michael Williams' request for leave to amend his Amended Complaint. Williams' request should be denied because his proposed amendments are futile or unduly prejudicial.

I. **Procedural history**

Williams filed this case in May 2015 alleging numerous federal and state claims against the City of Irving, Irving Police Department ("IPD"), Stephanie Barnes, Eric Curtis, Bruce Jolley and Craig Lackey.[1] On February 7, 2017, the District Court accepted the Magistrate Judge's Recommendation and dismissed the federal claims against Barnes, Curtis and Jolley based on their entitlement to qualified immunity. (doc. 40).

On February 10, 2017, Defendants filed a motion to dismiss Williams' remaining claims because (1) he failed to state viable federal claims against the City, and (2) his state law tort claims are barred as a matter of law. On July 14, 2017, this Court found that IPD does not have jural existence, the federal claims against the City were not properly pled, and that the Texas Tort Claims Act ("TTCA") mandated that Williams' tort claims against both the individuals and City be dismissed. (doc. 54). Therefore, the Magistrate recommended that Defendants' Motion to dismiss

---

[1] City defendants were served in June 2016. Lackey, who is not associated with the City, was dismissed from this suit in September 2016. (*doc*. 35).

be granted unless Williams amended his complaint. On July 29, 2017, Williams filed an Amended Complaint that restated his federal claims against the City, added numerous tort claims against the City and dropped the IPD and individual Defendants from the suit. (doc. 55).

On August 1, 2017, the deadlines to join parties and amended pleadings passed. (doc. 46). On October 23, 2017, Williams requested that the Court issue a new Scheduling Order extending numerous already lapsed and then-upcoming deadlines. (doc. 60). On December 8, 2017, the Court granted Williams' requests to extend the deadlines for discovery motions (January 16th), discovery (February 20th), mediation (March 6th), joint status report (March 13th) and dispositive and other motions (March 20th) but denied his request to extend the deadlines to join parties and amend pleadings. (docs. 72 and 73).

On January 3, 2018, the City took Williams' deposition, which completed the City's discovery in this matter. (doc. 71). On January 17, 2018, Williams filed for leave to add Barnes, Curtis and Jolley back to the case and to add two more tort claims. (doc. 77).[2]

## II.  Argument and authorities

Courts evaluate a motion for leave to amend the pleadings differently depending on whether the motion was filed before or after the deadline established in the scheduling order. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)"). Since Williams is seeking leave to amend his pleadings after the August 1, 2017 deadline, the Court first determines whether Williams meets the Rule 16(b)(4) good cause standard. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet

---

[2] Williams' first attempt to file this motion on January 12, 2018 lacked the requisite signature. (doc. 74).

the good cause standard, Williams must show that, despite due diligence, he could not reasonably have met the scheduling order deadline. *Id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

If Williams satisfies Rule 16(b)(4)'s requirements, then the court must determine whether to grant him leave to amend under Rule 15, which states that "[t]he court should freely give leave when justice so requires" Fed. R. Civ. P. 15(a)(2), and provides a "strong presumption in favor of granting leave to amend." *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). However, the granting of a motion under Rule 15(a)(2) is not automatic, and a Court should consider several factors when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless . . . granting the motion would cause prejudice, or amendment would be futile").

Thus, a court may "refuse leave to amend if ... the complaint as amended would be subject to dismissal," *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] 'evinces a bias in favor of granting leave to amend,' ... a district court need not grant a futile motion to amend." (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)

(in turn quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)); (citation omitted)); *cf. Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

### III. Williams' request for leave to amend should be denied

Williams does not address whether he has established the requisite good cause to proceed after the court's deadlines have expired. Even assuming that he can establish such good cause, his request to add individual Defendants and claims should be denied because his request is futile and, if not futile, then unduly prejudicial to the individual Defendants.

#### A. Williams' proposed claims would not succeed as a matter of law

Williams' federal claims against the individual Defendants were dismissed based on their qualified immunity. (doc. 40). Williams' state law claims against the City are all tort based, including intentional infliction of emotional distress, invasion of privacy, slander, libel, abuse of process, negligence, negligence per se, gross negligence, intrusion on solitude, unreasonable investigation, shadowing and trailing (restating his invasion of privacy and intrusion on solitude claims), and civil conspiracy. (doc. 55, pp. 15-30). To these claims, Williams seeks to add malicious prosecution and false imprisonment claims. (doc. 77, p. 2). These claims are all brought under the TTCA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008)(". . . all tort theories alleged against a government unit, whether it is sued alone or together with its employees, are assumed to be under the [TTCA]").

Currently, Williams' suit is against the City and not its employees. (doc. 55). Williams seeks to add three City employees[3] to his claims against the City. (doc. 77). However, under the

---

[3] One of the proposed individual Defendants, Barnes, no longer works for the City and has moved out of state.

TTCA, Williams must choose between suing the City or its employees. *See* Tex. Civ. Prac. & Rem. Code Ann. 101.106. Williams' choice to sue the City in his Original Petition, created an "irrevocable election" to sue the City and "bars any suit" against the City's employees. Tex. Civ. Prac. & Rem. Code Ann. 101.106(a). The TTCA states that "[i]f a suit is filed . . . against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code §101.106(e). This bar applies to all state tort claims whether intentional or negligent and whether brought under the TTCA or under common law. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463-64 (Tex. 2010)(any state law tort claim brought against a governmental unit and its employees will allow the employee defendants to be dismissed if the governmental unit moves to do so).

This Court has already reviewed whether Williams' original tort and common law claims were viable against both the City and its employees:

> Here, Plaintiff alleges claims under the TTCA and state common law against both the City and three of its employees regarding the same subject matter. (doc. 3.) By suing the City, he has made an irrevocable election of remedies and is barred from suing Dispatcher, Detective, and Captain regarding the same subject matter. *See* Tex. Civ. Prac. & Rem. Code Ann. 101.106(a). The City has now moved to dismiss the state law tort claims against the individual defendants, so these claims must be dismissed. *See id*. at 101.106(e).

(doc. 54, pp. 15-16). In response to this direction, Williams amended his complaint and dropped the three individuals from his suit. (doc. 55). Now Williams seeks to add this exact Dispatcher, Detective and Captain back to this case on TTCA and state common law claims that are also alleged against the City. Such claims are futile in light of the TTCA's election-of-remedies provisions. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)("futility" interpreted to mean that the amended complaint would fail to state a claim upon which relief could be granted). Therefore, Williams' request for leave to amend his complaint and add these three individuals back to this case should be denied.

For the same reason, Williams' request for leave to amend his complaint to add malicious prosecution and false imprisonment claims should be denied. Both claims are intentional torts.[4] The TTCA's limited waiver of tort liability does not waive immunity for intentional torts. Tex. Civ. Prac. & Rem. Code §101.057 (explicitly excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort."). Since Williams' proposed intentional tort claims would be futile, his request for leave to amend should be denied.

### B. Williams' request to add defendants is unduly prejudicial

If the Court determines that Williams' proposal to add indivduals to this case would not be futile, then the Court should deny his request for leave to amend because it is unduly prejudicial to the proposed Defendants. *See Jebaco Inc.* 587 F.3d at 322 ("leave to amend is to be granted liberally unless . . . granting the motion would cause prejudice . . . ."). Here, the discovery period ends February 20, 2018 and dispositive motions are due March 20, 2018. (doc. 73). The City has already taken Williams' deposition. (doc. 72). If individual Defendants were to be added at this late date, they would not have an opportunity to conduct discovery on Williams' claims against them. This inability to conduct discovery would negate their ability to seek dismissal of any claims that the Court believes are not futile. Williams could have sought leave to add these Defendants at any time since he dropped them from the case in July 2017. (doc. 55). The proposed individual Defendants should not be prejudiced by Williams' delay in attempting to re-insert them back into this case. Therefore, even if Williams' claims against the proposed Defendants are not futile, his request for leave to amend his complaint should still be denied.

### IV. Conclusion

The Court should deny Williams' request for leave to amend his Complaint because his

---

[4] *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 511 (Tex. 1992*) citing Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)(false imprisonment); *Humphreys v. City of Ganado, Tex.*, 467 Fed. Appx. 252, 256-57, 2012 WL 1003573 (internal citations omitted)(unpublished)(malicious prosecution).

proposed individual Defendants and new claims cannot succeed as a matter of law. And even if Williams can state non-futile claims, then his request to add Defendants at this point in the case is unduly prejudicial.

Respectfully submitted,

**CITY ATTORNEY'S OFFICE
CITY OF IRVING, TEXAS**

By: */s/ Jason McClain*
**JASON McCLAIN**
Senior Assistant City Attorney
SBOT No. 00797032
jmcclain@cityofirving.org
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On February 1, 2018, I electronically filed this document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF system of the court. This system sent a "Notice of Electronic Filing" to the parties of record or their attorneys who have consented in writing to accept this Notice as service of this document by electronic means:

*/s/ Jason McClain*
**JASON McCLAIN**
Senior Assistant City Attorney