IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-1701-L-BH |
| | § | ECF |
| CITY OF IRVING, TEXAS, | § | |
|     Defendant. | § | |

## CITY OF IRVING'S SUMMARY JUDGMENT BRIEF

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

 */s/ Jason McClain*
**JASON McCLAIN**
Senior Assistant City Attorney
SBOT No. 00797032
jmcclain@cityofirving.org
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

**ATTORNEY FOR CITY OF IRVING**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................ii

CITY OF IRVING'S SUMMARY JUDGMENT BRIEF ...................................................1

Argument and Authorities ....................................................................................................1

    I.       Summary Judgment Standard...................................................................................1

    II.      City Liability Under 42 U.S.C. §1983 ...................................................................2

          A.   No Policy or Custom ..................................................................................4

          B.   No Policymaker with Actual or Constructive Knowledge.........................5

          C.   No Moving Force Causation ......................................................................7

    III.     42 U.S.C. §1985(2) .................................................................................................9

          A.   No State Court Proceeding.........................................................................9

          B.   No Racial or Class-Based Motivation......................................................10

    IV.     State Law Claims ..................................................................................................10

          A.   Intentional Torts .......................................................................................11

          B.   Negligence Claims ...................................................................................12

    V.      Conclusion.............................................................................................................13

CERTIFICATE OF SERVICE...........................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Backe v. City of Galveston, Tex.,*
 2 F.Supp.3d 988 (S.D.Tex.2014) ................................................................................................5

*Bazan v. Hidalgo Cnty.,*
 246 F.3d 481 (5th Cir. 2001) ......................................................................................................1

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,*
 520 U.S. 397 (1997) ................................................................................................................4, 8

*Bolton v. City of Dallas,*
 541 F.3d 545 (5th Cir. 2008) ......................................................................................................3

*Bradt v. Smith,*
 634 F.2d 796 (5th Cir.1981) .......................................................................................................9

*Carnegie–Mellon Univ. v. Cohill,*
 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ..............................................................11

*City of Watauga v. Gordon,*
 434 S.W.3d 586 (Tex. 2014) ....................................................................................................11

Colle v. Brazos Cty., Tex.,
 981 F.2d 237 (5th Cir. 1993) ......................................................................................................3

*Crawford v. City of Houston, Texas,*
 260 Fed. Appx. 650 (5th Cir. 2007) ...........................................................................................8

*Daigle v. Gulf State Utilities Co.,*
 794 F.2d 974 (5th Cir.1986) .......................................................................................................9

*Dorward v. Ramirez,*
 No. 3:09-CV-0018-D, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) ...................11, 12

*Duplantis v. Shell Offshore, Inc.,*
 948 F.2d 187 (5th Cir. 1991) ......................................................................................................2

*Estate of Davis ex rel. McCully v. City of N. Richland Hills,*
 406 F.3d 375 (5th Cir. 2005) ......................................................................................................3

*Esteves v. Brock,*
 106 F.3d 674 (5th. Cir. 1997) .....................................................................................................3

*Firestone Steel Prods. Co. v. Barajas,*
 927 S.W.2d 608 (Tex. 1996) ....................................................................................................12

*Flanagan v. City of Dall., Tex.*,
 48 F. Supp. 3d 941 (N.D. Tex. 2014) .............................................................................. 6

*Fonteneaux v. Shell Oil Co.*,
 289 F. App'x 695 (5th Cir. 2008)(unpubl.) ..................................................................... 2

*Goodman v. Harris Cty.*,
 571 F.3d 388 (5th Cir.2009) .......................................................................................... 12

*Griffin v. Breckenridge*,
 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) ...................................................... 9

*Jackson v. Sheriff of Ellis Cty.*,
 154 F. Supp. 2d 917 (N.D. Tex. 2001) .......................................................................... 12

*Jimenez v. Conley Magazine, LLC*,
 No. SA-06-CA-1013-XR, 2006 WL 3716649, at *2 (W.D. Tex. Dec. 14, 2006) ......... 12

*Little v. Liquid Air Corp.*,
 37 F.3d 1069 (5th Cir. 1994) .......................................................................................... 2

*Lopez–Rodriguez v. City of Levelland, Texas*,
 100 Fed. Appx. 272 (5th Cir.2004) ............................................................................... 12

*McConney v. City of Houston*,
 863 F.2d 1180 (5th Cir.1989) ......................................................................................... 3

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
 253 S.W.3d 653 (Tex. 2008) ......................................................................................... 11

Monell v. Department of Social Services of the City of New York,
 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ................................................ 2, 3

*Murungi v. Xavier Univ. of La.*,
 313 Fed. App'x. 686 (5th Cir. 2008)(unpubl.) ................................................................ 2

*Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*,
 520 F.3d 409 (5th Cir. 2008) .......................................................................................... 2

*Pembaur v. City of Cincinnati*,
 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) .............................................. 4, 5

*Peterson v. City of Fort Worth, Texas*,
 588 F.3d 838 (5th Cir.2009) ....................................................................................... 3, 5

*Piazza's Seafood World, L.L.C. v. Odom*,
 448 F.3d 744 (5th Cir. 2006) ...................................................................................... 1, 2

Piotrowski v. City of Houston,
 237 F.3d 567 (5th Cir. 2001) .......................................................................................... 2

*Powell v. Greenville Indep. Sch. Dist.*,
  No. 3:10-CV-545-L, 210 WL 4038844, at *2 (N.D. Tex. Sep. 25, 2010) ...................................... 12

*Priester v. Lowndes Cnty.*,
  354 F.3d 414 (5th Cir. 2004) ................................................................................................... 7

*Sanchez v. Gomez*,
  No. 17-cv-133, 2017 WL 4479260, at *5 (W.D. Tex. Oct. 6, 2017) ............................................... 6

*Snyder v. Trepagnier*,
  142 F.3d 791 (5th Cir.1998) ..................................................................................................... 8

*Taylor v. Johnson*,
  257 F.3d 470 (5th Cir. 2001) (per curiam) ......................................................................... 7

*Tex. Dep't of Criminal Justice v. Miller*,
  51 S.W.3d 583 (Tex. 2001) .................................................................................................... 11

*Tex. Dep't of Pub. Safety v. Petta*,
  44 S.W.3d 575 (Tex. 2001) ............................................................................................... 12, 13

*Texas Comptroller of Public Accounts v. Attorney General of Texas*,
  354 S.W.3d 336 (Tex.2010) ................................................................................................... 12

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ................................................................ 11

Valle v. City of Houston,
  613 F.3d 536 (5th Cir. 2010) ............................................................................................ passim

*Village of Arlington Hts. v. Metro Housing Dev. Corp.*,
  429 U.S. 252 (1977) ................................................................................................................ 7

*Webster v. City of Houston*,
  735 F.2d 838 (5th Cir.1984) .................................................................................................. 3, 6

*Zarnow v. City of Wichita Falls*,
  *Texas*, 614 F.3d 161 (5th Cir. 2010) ....................................................................................... 3

**Statutes**

2010 WL 4038846 (N.D. Tex. Oct. 13, 2010) ................................................................................ 12

42 U.S.C. §1985(2) ..................................................................................................................... 2, 9

Fed. R. Civ. P. 56(c) ........................................................................................................................ 1

Tex. Civ. Prac. & Rem. Code §101.057 ........................................................................................ 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:15-CV-1701-L-BH |
| | § | ECF |
| CITY OF IRVING, TEXAS,<br>  Defendant. | §<br>§ | |

## CITY OF IRVING'S SUMMARY JUDGMENT BRIEF

The City of Irving files this brief in support of its motion seeking summary judgment on Michael Williams' claims in this case. This brief is filed pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Local Rule 56.5 of the Northern District of Texas and the Court's December 12, 2017 Order. (doc. 73).

### Argument and Authorities

**I. Summary Judgment Standard**

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue is one that is "real and substantial" while a material fact is one that might influence the outcome of the suit. *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001). Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, L.L.C. v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim."

*Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008). Thereafter, the burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id*.

Additionally, the Court reviews all evidence in the light most favorable to the nonmoving party. *Piazza's Seafood World,* 448 F.3d at 752. Factual controversies are resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Murungi v. Xavier Univ. of La.,* 313 Fed. App'x. 686, 688 (5th Cir. 2008)(unpubl.)(*citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F. 3d at 1075. "Evidence that would not be admissible at trial is not competent evidence to be considered during summary judgment." *Fonteneaux v. Shell Oil Co.,* 289 F. App'x 695, 699 (5th Cir. 2008)(unpubl.)(*citing Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir. 1991)).

## II.  City Liability Under 42 U.S.C. §1983

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities are "persons" subject to suit under 42 U.S.C. §1983, but that they cannot he held liable on a respondeat superior basis, i.e., a municipality cannot be held liable simply because a City employee violated a person's federal rights. Instead, a plaintiff must demonstrate the existence of (1) an official policy or custom, of which (2) a policymaker has actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010). These elements are necessary "to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted). In short, "[a]

plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos Cty.*, Tex., 981 F.2d 237, 245 (5th Cir. 1993).

The "official policy or custom" may be "an actual policy, regulation or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle*, 613 F.3d at 542. It may also be "a persistent, widespread practice which, although not officially promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997)(citing *Monell*, 436 U.S. at 694). "Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Peterson v. City of Fort Worth, Texas.* 588 F.3d 838, 850 (5th Cir.2009)(quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir.1984)). "A pattern ... requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'" *Id.* at 851 (quoting *McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir.1989)). Also, prior incidents "cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern of similar violations is required." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)(citations omitted). "Alternatively, it may be shown that a *final policymaker* took a single unconstitutional action." *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010) (emphasis in original). But "this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Valle*, 613 F.3d at 542 (citing *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008).

As to the second element, "[a]ctual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policymaking authority." *Id.* (quoting *Webster*, 735 F.2d at 842). A policymaker is

someone who has the responsibility of setting municipal policy with respect to the action ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law. *Id*. at 1300.

Finally, to satisfy the final "moving force" element, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). In other words, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Brown*, 520 U.S. at 411). "Deliberate indifference," often described as a "high standard" or a "stringent test," requires a municipal actor's "disregard[ing] [the] known or obvious consequence" that a constitutional violation would result from his actions. *Brown*, 520 U.S. at 410.

### A. No Policy or Custom

Williams alleges that the City "deprived [him] of his constitutional right to equal protection." (doc. 55, ¶ 47). More specifically, Williams alleges that the City has "adopted an open and widely implemented unconstitutional policy" of (1) refusing to protect the black community from criminal elements in the white community; (2) retaliating against black people when they demand equal protection; and (3) retaliating against black people when they file federal lawsuits. (doc. 55, ¶¶ 48-50).

At deposition, Williams could not identify an official, promulgated City policy, regulation or decision that violated his Equal Protection rights. (App. pp. 67-68, depo. pp. 48:21-49:11). Similarly, he could not identify any other situations in which the City either refused to protect the black community from white criminals or retaliated against black individuals who demanded equal

protection or filed a federal lawsuit. (App. p. 68, depo. pp. 49:14-52:22). At best and assuming he was even wronged, Williams can only point to his "unconstitutional" interactions with City personnel to support his §1983 claim. However, it is well settled that to make out the requisite widespread pattern or practice, a "§1983 plaintiff must typically venture beyond the actions which caused his or her own alleged constitutional deprivation and introduce evidence of 'similar' objectionable conduct by the same or other city employees." *Backe v. City of Galveston, Tex.*, 2 F.Supp.3d 988, 1001 (S.D.Tex.2014); *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) ("A pattern requires similarity, specificity, and sufficiently numerous prior incidents"). Without any evidence of an actual policy or custom of denying Equal Protection to African-Americans, Williams' §1983 claim against the City necessarily fails.

### B. No Policymaker with Actual or Constructive Knowledge

Even if Williams could establish a policy or custom sufficient to satisfy the first step in municipal liability under §1983, he still cannot demonstrate that the City's governing body or an official to whom that body has delegated policymaking authority was actually or constructively aware of the constitutionally infirm policy or custom.

#### 1. Policymaker

Williams alleges that the City Council, Mayor, Police Chief and "senior members" of the police department are policymakers in this case. (App. pp. 71-72, Depo. pp. 64:18-68:19). Williams is only able to identify Eric Curtis as a specific "senior member" of the department. (App. p. 72, depo. p. 68:11-19). Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law. *Pembaur* at 106 S.Ct. 1300.

The City's Charter establishes that the City's governing body is the City's mayor and eight council members. (App. p. 107, Art. IV, §1). The City's Code of Ordinances adopted by the City Council establishes the duties and responsibilities of the Chief of Police, including the promulgation

of policies, procedures, rules, directives and orders for the administration of the police department. (App. p. 86, §c). Thus, for purposes of this motion, the City accepts Williams' identification of the Council members, Mayor and Chief of Police as policymakers in this case. Curtis, however, is a police officer serving in a detective assignment. (App. p. 27). A police officer is the lowest ranking sworn classification in the Irving Police Department and serves under the Chief of Police, Assistant Chief of Police, Captain, Lieutenant and Sergeant ranks. (App. p. 86). Pursuant to the ordinance adopted by the City's governing body, Curtis is "bound" by the directives, orders, rules, regulations and procedures promulgated by the Chief of Police for the operation of the police department. (App. p. 87, §b). In short, Curtis follows policy, he does not create it. *See Sanchez v. Gomez*, No. 17-cv-133, 2017 WL 4479260, at *5 (W.D. Tex. Oct. 6, 2017) ("a policymaker has the responsibility for making law or setting policy in any given area of a local government's business or a decision maker who possesses final authority to establish municipal policy with respect to the action ordered.")(internal citation and quotations omitted).

    **2.    Knowledge**

"Actual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policymaking authority." *Valle*, 613 F.3d at 542 (quoting *Webster*, 735 F.2d at 842). "Actual knowledge can be shown by such means as the topic being discussed at city council meetings." *Flanagan v. City of Dall., Tex.*, 48 F. Supp. 3d 941, 949 (N.D. Tex. 2014). "Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity." *Id.*

Williams cannot show that the policymakers for purposes of this motion, the City Council or the Chief of Police, were aware of any illegal policy or custom. In fact. Williams does not even

know who the Chief of Police was during the time in question. Williams pleads that it was Bruce Jolley and so testified at his deposition. (doc 55, p. 6, ¶27D; App. p. 81, depo. p. 102:16-18). In fact, Jolley was a Captain who reported to an Assistant Chief of Police who, in turn, reported to Chief of Police Larry Boyd. (App. p. 31). Moreover, the only information Williams reported to Jolley was an e-mail requesting another detective investigate his case because Curtis had shown "bias." (doc. 55, p. 33). Even if Jolley was a policymaker, Williams' e-mail does not make Jolley aware of a policy or custom of denying African Americans Equal Protection. In any event, Williams has no evidence to show that the City's governing body or a policymaking official was actually or constructively aware of any alleged custom of constitutional deprivations. Without such evidence, Williams' §1983 claim against the City fails.

### C. No Moving Force Causation

Even if Williams can establish a policy or custom of which a City policymaker was aware, he still cannot show a constitutional violation whose moving force was the policy or custom in question.

#### 1. No Constitutional Violation

Williams alleges that he was denied equal protection on the basis of his race. (doc. 55, p. 10, ¶¶ 47-50). "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424, (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (per curiam)); *see also Village of Arlington Hts. v. Metro Housing Dev. Corp.,* 429 U.S. 252, 265 (1977)("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause"). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and

selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor,* 257 F.3d at 473.

Williams has no evidence to support his Equal Protection claim. His allegations amount to bare assertions that City employees acted and that Williams is black. He fails to identify any similarly situated individuals of a different race who the City employees in question treated differently than Williams. Likewise, he fails provide any evidence to show that these or any City employees took an adverse action against Williams because of his race. Without evidence of different treatment of similarly situated individuals with a discriminatory intent, Williams' Equal Protection claim fails.

### 2. No City Policy or Custom "Caused" an Equal Protection Violation

Even if Williams did present evidence to support his equal protection claim, he still cannot show that the City's policy or custom caused the violation. *See Crawford v. City of Houston, Texas*, 260 Fed. Appx. 650, 652 (5th Cir. 2007)(Plaintiff must show "moving force" causation – "that is, that the policy or custom is the cause of the rights violation). Williams cannot present any evidence to establish City action or decisions that reflect deliberate indifference to the risk of an equal protection violation. *See Valle*, 613 F.3d at 542. Without evidence to show a constitutional violation whose moving force was a City policy or custom, Williams' §1983 claim fails.

In short, Williams cannot meet any of the three requirements necessary to pursue a §1983 claim against the City. "These requirements [for municipal liability under §1983] must not be diluted for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability.'" *Snyder v. Trepagnier,* 142 F.3d 791, 796 (5th Cir.1998) (quoting *Brown*, 520 U.S. at 410). Without evidence to show a policymaker, policy or custom, or a violation caused by the policy or custom, Williams' §1983 claim fails as a matter of law.

### III.    42 U.S.C. §1985(2)

Williams alleges that the City violated 42 U.S.C. §1985(2).  (doc. 55, p. 15, ¶ 17). Specifically, he alleges that the City conspired with Craig Lackey of Caliber Home Loans, Williams' former employer, to obstruct Williams in his separate cases against Caliber and the City of Irving and to provide a pretext for unnamed others to justify the malicious prosecution and/or murder of Williams.  (doc. 55, ¶18).  This conspiracy manifested itself in the form of a BOLO, (doc. 55, ¶19), that was created by Curtis on March 31, 2014.  (App. p. 30).

Under 42 U.S.C. §1985(2), a civil conspiracy exists:

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Thus, a civil conspiracy claim under §1985(2) requires evidence that: (1) two or more persons conspired to obstruct justice in a state court proceeding, and (2) race or class-based animus motivated the conspirators. *Daigle v. Gulf State Utilities Co.,* 794 F.2d 974, 979 (5th Cir.1986). §1985's statutory language requiring "intent to deprive one of equal protection of the laws" means that some racial or otherwise class-based discriminatory animus must drive the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 91, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).  The Fifth Circuit applied the *Griffin* rationale to claims under §1985(2), since that part of the statute also refers to equal protection of the laws. *See Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir.1981).

#### A.    No State Court Proceeding

Williams cannot present any evidence to show that a City employee conspired to obstruct justice in a state court proceeding.  The cases referenced by Williams in his Amended Petition were filed well after Curtis created the BOLO on March 31, 2014.  Specifically, Williams' state court case against the City of Irving was filed on December 23, 2014.  (App. p. 53).  Williams' federal

court case against Caliber Home Loans was filed on March 17, 2015. (App. p. 53). Similarly, this litigation against the City was filed on May 15, 2015, (doc. 3), and his federal court litigation against Caliber was filed on March 17, 2017. (App. p. 53). Obviously, Williams cannot show that a "conspiracy [that] manifested itself in the form of a BOLO" created on March 31, 2014 was intended to obstruct justice in court proceedings that were initiated anywhere from nine months to three years later. Not unexpectedly, Curtis was not aware of any state or federal court proceeding involving Williams when he created the BOLO. (App. p. 28). In any event, without a state court proceeding in which there was a conspiracy to obstruct justice, Williams' §1985(2) claim fails.

### B. No Racial or Class-Based Motivation

Even if Williams could establish a conspiracy to obstruct justice in a state court proceeding, his §1985(2) claim still fails because Williams has not even alleged that there was a race or class-based animus motivating the conspiracy. (doc. 55, ¶¶ 16-20). Perhaps this is because even Williams believes that the alleged conspiracy was not so motivated. Instead, Williams' own submissions to this Court unequivocally state the alleged motivation for the BOLO:

> Williams alleges in his Complaint that the BOLO was created and distributed for the express purpose of retaliating against Williams for filing an Internal Affairs compl[aint] against its author, Detective Eric Curtis, a defendant in this case.

(doc. 82, ¶19). Interestingly, Williams did not request an IAD investigation of Curtis until May 9, 2014, some five weeks *after* Curtis created the BOLO. (doc. 55, p. 47). Regardless, though, the animus explicitly alleged by Williams – anger at him for filing a complaint against Curtis, is not the race or class-based animus required by 1985(2). Therefore, his §1985(2) claim fails.

### IV. State Law Claims

Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie–*

*Mellon Univ. v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Both of these factors are met in this case, and the Court can dispose of the entire case promptly.

Williams alleges a number of intentional and negligence tort based claims against the City. (doc. 55, counts 3-13). "All tort theories alleged against a government unit, whether it is sued alone or together with its employees, are assumed to be under the Texas Tort Claims Act ['TTCA']". *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008). Thus, in filing a suit for damages against the City, Williams must affirmatively plead and prove the court's jurisdiction to hear the lawsuit under the TTCA. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). However, the TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, No. 3:09-CV-0018-D, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009 (citing *Miller*, 51 S.W.3d at 587)). Here, the TTCA does not waive the City's immunity to Williams' tort claims.

### A. Intentional Torts

The TTCA's limited waiver of tort liability for cities does not waive immunity for intentional torts. Tex. Civ. Prac. & Rem. Code §101.057 (explicitly excludes waiver for a claim "arising out of assault, battery, false imprisonment, or *any other intentional tort*.")(emphasis added); *City of Watauga v. Gordon,* 434 S.W.3d 586, 589 (Tex. 2014)("[T]o be viable, the claim cannot arise out of an intentional tort"). Williams alleges numerous intentional torts against the City, including intentional infliction of emotional distress, invasion of privacy, slander, libel, abuse of process, intrusion on solitude, unreasonable investigation[1] and civil conspiracy. (doc. 55, counts

---

[1] While there is no "unreasonable investigation" tort, Williams alleges that City employees "decided . . . [to] injure Plaintiff" and violated his "rights to privacy" and "invaded his seclusion and solitude." (doc. 55, count 12). Clearly, he is alleging intentional conduct and appears to conflate this allegation with his other intentional tort claims.

3-7 and 11-13). These are all intentional torts. *See Jackson v. Sheriff of Ellis Cty.*, 154 F. Supp. 2d 917, 921 (N.D. Tex. 2001)(intentional infliction of emotional distress); *Jimenez v. Conley Magazine, LLC*, No. SA-06-CA-1013-XR, 2006 WL 3716649, at *2 (W.D. Tex. Dec. 14, 2006) (invasion of privacy); *Powell v. Greenville Indep. Sch. Dist.*, No. 3:10-CV-545-L, 210 WL 4038844, at *2 (N.D. Tex. Sep. 25, 2010)(libel and slander), *adopted by* 2010 WL 4038846 (N.D. Tex. Oct. 13, 2010); *Dorward*, 2009 WL 2777880, at *14 (abuse of process); *Texas Comptroller of Public Accounts v. Attorney General of Texas,* 354 S.W.3d 336, 364 (Tex. 2010)(intrusion on solitude); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996)(civil conspiracy). Therefore, the City is immune from these claims, and they should be dismissed.

**B.     Negligence Claims**

Williams alleges negligence, negligence per se and gross negligence against the City. (doc. 55, counts 8-10). Initially the City notes that each of these claims is based on the same conduct Williams relied upon in asserting his intentional tort claims including his invasion of privacy, abuse of process and civil conspiracy claims. *Id.* However, Williams may not maintain a negligence claim under the TTCA where the claim is based on "the same conduct" as an intentional tort claim. *See Tex. Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 580 (Tex. 2001); *Goodman v. Harris Cty.,* 571 F.3d 388, 394 (5th Cir.2009)(TTCA excludes "allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee"); *Lopez–Rodriguez v. City of Levelland, Texas,* 100 Fed. Appx. 272, 275 (5th Cir.2004) (per curiam)(Claim properly stated as an intentional tort may not be restated as a negligence claim).

In any event and in pertinent part, the TTCA "waives sovereign immunity from suits arising . . . from . . . the negligent conduct of an employee if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or equipment if the employee would be personally liable to the claimant." *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.

2001). None of Williams' negligence claims arise from or even involve at all the operation or use of a motor-driven vehicle or equipment. (doc. 55, counts 8-10). Thus, his negligence claims fail.

## V. Conclusion

As discussed above, Williams cannot establish a policy or custom, a policymaker or a constitutional violation as required for municipal liability under §1983. Likewise, Williams' §1985(2) claim fails because he cannot establish, among other things, the requisite animus. Finally, Williams cannot show that the City's immunity has been waived as to his state law tort claims. Therefore, the City respectfully requests that the Court find that Williams' claims fail as a matter of law and that it dismiss them with prejudice.

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

*/s/ Jason McClain*
**JASON McCLAIN**
Senior Assistant City Attorney
SBOT No. 00797032
jmcclain@cityofirving.org
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

**ATTORNEY FOR CITY OF IRVING**

## CERTIFICATE OF SERVICE

On March 20, 2018, I electronically filed this document with the clerk of court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. This system sent a "Notice of Electronic Filing" to the parties of record or their attorneys who have consented in writing to accept this Notice as service of this document by electronic means:

*/s/ Jason McClain*
**JASON McCLAIN**
Senior Assistant City Attorney